UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERUSALEN BARRAJAS, a single man,<br><br>                 Plaintiff,<br><br>    v.<br><br>TRAVELERS HOME AND MARINE INSURANCE COMPANY, doing business in Grant County,<br><br>                 Defendant. | CASE NO.: 2:16-CV-0432-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration of Order Granting Defendant's Rule 12 Partial Motion to Dismiss. ECF No. 13. This matter was set for consideration without oral argument for April 10, 2017. The Court has reviewed the briefing and record herein, and is fully informed.

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

## BACKGROUND

On March 1, 2017, the Court entered an Order Granting Defendant's Partial

Motion to Dismiss related to Plaintiff's claim that Defendant violated the

Washington Insurance Fair Conduct Act ("IFCA") (RCW 48.30.015) and the

Washington Law Against Discrimination ("WLAD") (RCW 49.60 *et seq.*).  ECF

Nos. 12, 1-2 at ¶¶ 3.7, 3.9-3.10. Because Plaintiff did not substantially comply with

IFCA's statutory notice requirement, the Court dismissed Plaintiff's IFCA claim

without prejudice.[1]  *Id.* at 8.  The Court also dismissed Plaintiff's WLAD claim

without prejudice because Plaintiff failed to plead sufficient facts.  *Id.* at 10-11.

Nevertheless, the Court granted Plaintiff "leave to file an amended

complaint (with Plaintiff's name spelled correctly) within thirty (30) days."  ECF

No. 12 at 13.  Plaintiff timely filed an Amended Complaint on March 17, 2017,

and again on March 28, 2017.  ECF Nos. 16, 18 (continuing to misspell Plaintiff's

name).  Plaintiff also filed a Notice of Washington State Constitutional Question

Related to RCW 48.30.015 on March 8, 2017, *see* ECF No. 14, which the Court

---

[1]    The Court declined to consider Plaintiff's constitutional arguments

challenging the IFCA notice requirement (RCW 48.30.015(8)) because Plaintiff

failed to observe the requirements of making a constitutional challenge.  ECF No.

12 at 6-7.

certified to the Washington Attorney General for consideration on March 9, 2017, *see* ECF No. 15.

Plaintiff now moves for reconsideration of the Court's Order Granting Defendant's Partial Motion to Dismiss. ECF No. 12.

## DISCUSSION

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Court finds reconsideration is not warranted. Although Plaintiff has finally complied with the requirements of making a constitutional challenge, Plaintiff has failed to show anything more than a disagreement with the Court's decision. ECF No. 13 at 4. Moreover, Plaintiff failed to demonstrate any new evidence, an intervening change in law, or that the Court committed clear error to warrant reconsideration. *389 Orange St. Partners*, 179 F.3d at 665. Indeed,

Plaintiff merely "ask[s] the court to reconsider" its decision and to certify the IFCA constitutional question to the Washington State Supreme Court.[2] *Id.*

Plaintiff has failed to demonstrate any reason that justifies reconsideration. *See Navajo Nation*, 331 F.3d at 1046. Accordingly, Plaintiff's motion is denied and the Court's previous order stands.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Reconsideration of Order Granting Defendant's Partial Motion to Dismiss (ECF No. 13) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED: April 27, 2017.



THOMAS O. RICE
Chief United States District Judge

---

[2]    The Court—in exercising its unfettered discretion—declines to certify to the Washington Supreme Court the question of whether IFCA's statutory notice requirement is unconstitutional. *See Lehman Bros. v. Schein,* 416 U.S. 386, 390–91 (1974) ("Resort to certification is not mandatory where state law is unclear on a particular issue.")*;* RCW 2.60.020 (stating that federal courts *may* elect to certify).