UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERUSALEN BARAJAS, a single man,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS HOME AND MARINE INSURANCE COMPANY, doing business in Grant County,<br><br>Defendant. | CASE NO. 2:16-CV-0432-TOR<br><br>ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Rule 12 Partial Motion to Dismiss. ECF No. 19. Plaintiff is represented by Julie A. Anderson. Defendant is represented by Ronald J. Clark. This matter was heard without oral argument on May 15, 2017. The Court has reviewed the motion and record herein, and is fully informed.

//

ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS ~ 1

**BACKGROUND**

On November 15, 2016, Plaintiff Jerusalen Barajas[1] ("Plaintiff") filed suit against Defendant Travelers Home and Marine Insurance Company ("Defendant") in Chelan County Superior Court. ECF No. 1-2. Pursuant to 28 U.S.C. §§ 1441, 1446(b), Defendant removed the action to this Court invoking diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1.

On March 1, 2017, the Court entered an Order dismissing Plaintiff's claims that Defendant violated the Washington Insurance Fair Conduct Act ("IFCA") (RCW 48.30.015) and the Washington Law Against Discrimination ("WLAD") (RCW 49.60 *et seq.*). ECF Nos. 12, 1-2 at ¶¶ 3.7, 3.9-3.10. Notwithstanding, the Court granted Plaintiff "leave to file an amended complaint (with Plaintiff's name spelled correctly) within thirty (30) days." ECF No. 12 at 13.

---

[1] Despite direction from the Court to provide Plaintiff's correctly spelled name, ECF No. 12 at 13, Plaintiff's counsel continues to spell Plaintiff's name wrong, ECF Nos. 16, 18. The Court observes that Plaintiff has signed his name "Barajas", ECF No. 1-2 at 5, and the underlying contract of insurance is listed in the name "Barajas", ECF Nos. 7-3, 19 at 3 n.6. The Court will use that spelling and will direct the Clerk to amend the docket accordingly.

Plaintiff filed an Amended Complaint on March 17, 2017, and again on March 28, 2017. ECF Nos. 16, 18. Plaintiff also filed a Notice of Washington State Constitutional Question Related to RCW 48.30.015 on March 8, 2017, *see* ECF No. 14, which the Court certified to the Washington Attorney General for consideration on March 9, 2017, *see* ECF No. 15. Thereafter, the Court denied Plaintiff's request for reconsideration of the Court's Order Granting Defendant's Partial Motion to Dismiss. *See* ECF No. 21.

For the second time, Defendant moves to dismiss Plaintiff's claims (1) under IFCA for Plaintiff's continued failure to provide written notice as required by RCW 48.30.015(8)(a), and (2) under the WLAD for failing to state a claim upon which relief may be granted. *See* ECF Nos. 6, 19, 20 at ¶ 3.

Plaintiff has failed to respond to the motion.

In response to Defendant's first motion to dismiss, the Court admonished Plaintiff's counsel for the late filing of Plaintiff's memorandum in response to Defendant's dismissal motion, in violation of Local Rule ("LR") 7.1(b)(2)(B), and failure to seek permission to submit the late filing. *See* ECF No. 6 at n.3. The Court cautioned Plaintiff that failure to comply with the Local Rules or timely respond, could result in adverse action by the Court. *Id.* With respect to the instant motion, Plaintiff was required to file a responsive memorandum by May 4,

ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS ~ 3

2017. *See* LR 7.1(b). Plaintiff has failed to respond or seek permission to file a late submission.

## DISCUSSION

For the reasons previously stated, ECF No. 12, the Court finds that because Plaintiff still has not substantially complied with the statutory notice requirement, his statutory IFCA claim is not properly before the Court. Accordingly, the Court dismisses Plaintiff's IFCA claim.

Likewise, for the reasons previously stated, ECF No. 12, Plaintiff's WLAD claim is dismissed. Plaintiff makes only conclusory allegations of unequal treatment, while the WLAD requires a showing of unequal treatment and that the unequal treatment was motivated by race.

Pursuant to Local Rule 7.1(b)(2)(B), an opposing party has 21 days to file a response to a dispositive motion. The failure to timely do so may be considered by the Court as "consent to the entry of an Order adverse to the [defaulting] party[.]" LR 7.1(d).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Clerk shall amend the docket to reflect the spelling of Plaintiff's last name as "Barajas."
2. Defendant's Rule 12 Partial Motion to Dismiss (ECF No. 19) is **GRANTED**; Plaintiff's IFCA and WLAD claims are **DISMISSED**.

3. The Clerk shall promptly issue a Notice of Scheduling Conference.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED: May 15, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS ~ 5